**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**C. MARTIN EL,**

                **Plaintiff,**

                -against-

**JOHN DOE,**

                **Defendants, et. al,**
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**15-CV-6581 (BMC)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a request by defendant City of New York (the "City") for an order compelling *pro se* plaintiff C. Martin El ("plaintiff") to serve the City with executed authorizations (1) for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50 (hereinafter, "section 160.50 release" or "unsealing release") and (2) for the release of medical records (hereinafter, "medical release") by a date certain.  See Letter in Response to the Court's January 20, 2016 Memorandum and Order (Jan. 25, 2016) ("Def. Letter"), Electronic Case Filing ("ECF") Docket Entry ("DE") #16.[1] For the reasons that follow, the City's motion is granted in part and denied in part without prejudice.

## DISCUSSION

The *pro se* complaint in this action asserts claims for, among other things, false arrest and excessive force, arising out of plaintiff's arrest in or around Citi Field in Queens, New

---

[1] Although the City's January 25th letter does respond to the Court's January 20th Memorandum and Order, it should nevertheless have been docketed into ECF as a letter-motion, inasmuch as it also seeks judicial action.

York, on the evening of October 31, 2015.[2]  See Complaint (Nov. 12, 2015) ("Compl."), DE #1 at 1-4.[3]  Because the criminal charges were dismissed and the records sealed in accordance with state law, see *supra* note 2, the City requested that plaintiff provide defense counsel with an executed section 160.50 release to unseal the records, in order to enable counsel for the City to properly investigate the claims in this case.  In addition to the section 160.50 release, the City, citing plaintiff's claim that he suffered injuries as a result of the charged encounter, also asked that plaintiff produce an executed medical release.  See generally Def. Letter at 2.

In response to the City's request for releases, plaintiff insisted upon a series of conditions, including that the City return all property seized at the time of his arrest, and that defense counsel cooperate in providing plaintiff with discovery.  See Plaintiff's First Letter at 2.  The City argues that "it should not have to agree to conditions in order to be able to access records that plaintiff has necessarily placed at issue in bringing this action," and that plaintiff's demand for discovery and inspection is "premature."  Def. Letter at 2.  Indeed, according to the City, without the sealed arrest records for which it seeks a release, the City cannot identify the vouchered property at issue.  See id.

The City's argument with respect to its need for a section 160.50 release is well

---

[2]  According to documentation from the Queens County District Attorney's Office, which plaintiff filed with the Court, the arrest date was in fact November 1, 2015, and the records were sealed following dismissal of the charges prior to arraignment.  See 11/1/15 Letter from Assistant District Attorney George Farrugia, attached to Letter filed by Plaintiff (docketed Jan. 4, 2016) ("Plaintiff's First Letter"), DE #12.

[3]  The complaint also references a prior arrest of plaintiff by the same officer (subsequently identified as Norris Cordova) on July 14, 2013, as well as earlier "incident[s]" involving that officer.  See Compl., DE #1 at 3-4, 7.  However, it is unclear if plaintiff purports to assert claims arising out of those prior incidents or whether those encounters are mentioned solely as background information.

founded. In fact, from its many years of handling pretrial matters in lawsuits alleging false arrest, this Court is aware that the City routinely requests that plaintiffs provide unsealing releases prior to filing answers in such cases -- and, in the few cases in which plaintiffs have not provided such releases, the Court has ordered them to do so. In this case, plaintiff has proffered no reason for the Court to depart from its usual practice. Without an unsealing release, the City will be unable to access the records that it needs in order to craft a response to the complaint and to provide plaintiff with discovery. Therefore, plaintiff is hereby directed to serve on defense counsel, by February 5, 2016, an executed release for sealed records pertaining to each arrest or police encounter that is the predicate for his claims in this case.

The Court further concurs with the City that plaintiff's discovery demands -- which he characterizes as preconditions to his providing the requested releases -- are premature. Therefore, the Court strikes those conditions, without prejudice to plaintiff serving discovery demands after the City has responded to the complaint and the Court has established a discovery schedule.

By the same token, the Court denies without prejudice the City's demand for plaintiff to produce a medical release or releases. In contrast to the City's immediate need for the sealed arrest records, the City identifies no urgency in connection with its securing plaintiff's medical records. To be sure, the Court is aware that obtaining records from non-party medical providers is often a slow process; for that reason, counseled plaintiffs often voluntarily provide such authorizations even before the City has answered the complaint. Here, however, plaintiff is proceeding *pro se*, and the City has not provided the Court with a

copy of an appropriately tailored medical release or even with a description of the scope of the release that is being sought. In these circumstances, the Court denies without prejudice the City's request for an order compelling plaintiff to provide an executed but unspecified medical release. Nevertheless, the parties are encouraged to attempt to agree upon a limited release for records relevant to the injuries that plaintiff claims to have sustained as a result of his encounter with Officer Cordova on or about October 31, 2016.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the City's motion to compel: Plaintiff is directed to furnish counsel for the City with an executed section 160.50 release by February 5, 2016.

The Clerk is requested to docket this Memorandum and Order into the ECF court file and to transmit a copy to plaintiff by Federal Express.

**SO ORDERED.**

**Dated:** Brooklyn, New York
January 28, 2016

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**