UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

C. MARTIN EL,

               **Plaintiff,**

       -against-

JOHN DOE,

              **Defendants, et. al,**

-------------------------------------------------------------x

                              **MEMORANDUM**
                              **AND ORDER**

                              **15-CV-6581 (BMC)**

ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:

      Within the past two weeks, *pro se* plaintiff C. Martin El ("plaintiff") has filed a series of letters with the Court, complaining about the January 28th Memorandum and Order of the undersigned magistrate judge, see Memorandum and Order (Jan. 28, 2016) ("1/28/16 M&O"), Electronic Case Filing ("ECF") Docket Entry ("DE") #17, and demanding discovery from defendant City of New York ("defendant"); two of those letters are addressed to this magistrate judge,[1] see Letter dated 1/29/16 f[ro]m C. Martin El (docketed Feb. 2, 2016), DE #19; Letter dated February 2, 2015 [sic] from C. Martin El (docketed Feb. 8, 2016), DE #20.

      To the extent that plaintiff is seeking reconsideration of the Court's 1/28/16 M&O, the Court has reviewed its prior ruling but declines to modify it.  As discussed in the 1/28/16 M&O, the City requires an unsealing release "in order to craft a response to the complaint and to provide plaintiff with discovery."  1/28/16 M&O at 3.  Consistent with the routine practice of judges in this courthouse, the Court therefore directed plaintiff to serve on defense counsel, by

---

[1]  The third letter is addressed to Judge Brian Cogan, the District Judge assigned to this case, and appears to be an objection to the 1/28/16 M&O.  See Letter dated 1/28/16 from C. Martin El (docketed Feb. 2, 2016), DE #18.

February 5, 2016, an executed release for sealed records pertaining to each police encounter that is the predicate for his claims in this case. See id. The Court adheres to that decision, except that, to the extent plaintiff has not complied, he is directed to do so by February 16, 2016. The longer he resists complying with that directive, the longer he delays the progress of this case and the commencement of the period for pretrial discovery.

As for plaintiff's renewed request for discovery, the Court reaffirms its prior ruling that his demands are premature. See 1/28/16 M&O at 3.[2] Without the sealed records sought by the City, defendant is not in a position to provide the discovery demanded by plaintiff. Defendant is, however, directed to provide plaintiff with a copy of the records of plaintiff's arrest and prosecution as soon as they are secured pursuant to an unsealing authorization from plaintiff.

## CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motions for reconsideration (DE #19 and #20) but adheres to its 1/28/16 M&O.

The Clerk is requested to docket this Memorandum and Order into the ECF court file and to transmit a copy to plaintiff by Federal Express.

**SO ORDERED.**

Dated:     **Brooklyn, New York**
           **February 8, 2016**

                         /s/ *Roanne L. Mann*
                    **ROANNE L. MANN**
                    **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] Indeed, plaintiff fails to note that, for the same reason, the Court denied without prejudice the City's request for an order compelling plaintiff to provide an executed medical release. See 1/28/16 M&O at 3-4.

-2-