| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------- X
ASIRUS MA'AT EL, *also known as* C. :
MARTIN EL, :
                    Plaintiff, : **MEMORANDUM DECISION AND**
             - against - : **ORDER**
                               :
JOHN DOE, et al., : 15 Civ. 6581 (BMC) (RLM)
                    Defendants. :
------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se*, who, as a serial litigant, has used several aliases and pseudonyms, brings this action under 42 U.S.C. § 1983, challenging nine arrests on nine separate occasions from May 2012 through May 2015. He has rejected the Magistrate Judge's repeated endeavors to persuade him to seek help with his cases from the Legal Assistance Project, which has aided many *pro se* litigants in this district, as he appears more interested in conducting than resolving his cases. He is on his third voluntarily amended complaint in this action and would have been on his fourth had I not rejected the last effort because it was made during the pendency of defendants' motion for summary judgment, and he continues to make filings that are nearly impossible to understand. He appears intent on demonstrating to defendants that if they are going to continue to arrest him, he is going to continue to sue them.

There is no point in undertaking the effort that would be required to unravel the facts that underlie each of his nine arrests because, as to virtually all of the arrests, there are affirmative defenses that defeat his claims. All of the claims arise from plaintiff's efforts to illegally scalp tickets near Citi Field and the Billi Jean King National Tennis Center. Management of those facilities had given him notice as early as 2011 that he would be arrested for trespass if he entered the grounds of either facility, with or without a ticket, and he is well known to the police

in the local precinct because of his illegal business. He was nevertheless arrested for scalping at one of those locations on each of the following occasions, and he has sued for false arrest as to each: (1) May 26, 2012; (2) August 30, 2012; (3) September 9, 2012; (4) April 14, 2013; (5) September 2, 2013; (6) June 14, 2014; (7) July 11, 2014; (8) August 28, 2014; (9) November 1, 2015; and (10) October 31, 2015.[1] I note that the claims arising from these arrests were not all included in his initial complaint, but have been introduced at various stages as he filed amended complaints, a process that would have continued had I not ended it once defendants moved for summary judgment. I will refer to each of these arrests by their preceding numbers.[2] All of his claims fail for a variety of reasons.

At the outset, I grant defendants' motion for summary judgment as to arrests 1 through 4 because the statute of limitations had run when these claims were asserted. The statute of limitations for a false arrest claim is three years. See, e.g., Shlomo v. City of New York, 579 F.3d 176,181 (2d Cir. 2009). Plaintiff commenced this action on November 12, 2015. That eliminates arrests 1, 2 and 3. Although arrest number 4 was within three years of his commencement of this action, he did not assert a claim for that arrest until his third amended complaint, which he filed on July 6, 2016. Since plaintiff is *pro se*, I have considered, although he has not asserted it, whether his filing of the third amended complaint should relate back to the commencement of this action, see Fed. R. Civ. P. 15(c), and I find that it should not. The fourth arrest arose from a discrete set of facts, not in any way interdependent on the others, and indeed,

---

[1] Plaintiff does not identify arrest number 10 (ticket resale) in his complaint, but given the proximity to his arrest number 9 (bail jumping), defendants moved to dismiss or for summary judgment as to both arrests.

[2] Plaintiff has attempted to raise a number of other arrests in opposing defendants' motion for summary judgment. As noted above, I had previously denied leave for a fourth amended complaint that would have continued this "moving target" litigation, advising plaintiff to commence a new action instead. It is not clear whether plaintiff's effort to introduce these new arrests is an effort to circumvent that Order, but it is clear that a plaintiff cannot introduce new claims in opposition to a motion of summary judgment, see, e.g., Greenidge v. Allstate Ins. Co., 446 F.3d 356, 361 (2d Cir. 2006), and I will not consider those claims here.

2

I probably should have severed it and required a separate action (in fact, the same should probably have been done for each arrest).

In addition, the record shows that defendant pled guilty to the crimes arising from his arrests number 1, 2, 3, 4, 6, and 10. This requires dismissal of these false arrest claims on two grounds: (1) a guilty plea conclusively establishes the existence of probable cause, which defeats an action for false arrest, see, e.g., Simpson v. City of New York, 793 F.3d 259, 265 (2d Cir. 2015); Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986), and (2) except in unusual circumstances not present here, a plaintiff cannot maintain an action for false arrest if to do so would call into question a valid and outstanding state court conviction. See Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372 (1994).

That leaves us with arrests number 5, 7, 8, and 9. There are two police officer defendants potentially involved in these arrests – defendants Officers Chowdhury and Cordova. As to Officer Chowdhury, there are no allegations at all that he had any involvement in arrests number 5, 7, 8, and 9. Obviously, personal involvement is a prerequisite to § 1983 liability. See, e.g., Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

As to Officer Cordova, the record is undisputed that while Officer Cordova was on the same detail as the officer that made arrest number 7, he was neither present nor had any involvement in making the actual arrest. He was simply advised by another officer that an arrest had been made and thereupon entered the arrest in the online booking report at the precinct. That level of purely administrative involvement is insufficient to make him liable for false arrest. See, e.g., Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).[3] Moreover, as to arrest number 9, the

---

[3] Moreover, the record is undisputed that there was probable cause to arrest plaintiff in connection with arrest number 7. Plaintiff was within 1,500 feet of Citi Field offering tickets for resale at the time of the arrest. The arresting officer therefore had probable cause to effect an arrest for trespass, and, again, probable cause is a complete defense to an action for false arrest. See Simpson, 793 F.3d at 265; Cameron, 806 F.2d at 387.

3

record is undisputed that Officer Cordova was neither at nor near the Queens County Criminal Court when plaintiff was arrested for bail jumping. Rather, Cordova was assigned to game detail at Citi Field at that time, which means there was no personal involvement. See, e.g., Wright, 21 F.3d at 501.

As to arrests number 5 and 8, the record is undisputed that there was probable cause to arrest plaintiff on those two occasions. Plaintiff had been served with a non-trespass notice. Officer Cordova therefore had probable cause to effect an arrest for trespass, and, as noted above, probable cause is a complete defense to an action for false arrest. See Simpson v, 793 F.3d at 265; Cameron, 806 F.2d at 387.

Finally, plaintiff may be attempting to allege several other claims in his third amended complaint. One appears to be a Monell "racial profiling" claim arising from arrest number 5. He has not alleged a single fact to support a claim of racial profiling, much less one attributed to a formal custom, policy, or procedure employed by the City of New York, see Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); therefore, the claim is dismissed. Second and relatedly, he appears to be raising an Equal Protection claim based on selective treatment, but because plaintiff offers nothing more than conclusory allegations, his claim fails. See, e.g., Bush v. City of Utica, N.Y., 558 F. App'x 131, 134 (2d Cir. 2014). Third, he may also be attempting to allege an Eighth Amendment or pretrial conditions Due Process claim arising out of arrest number 7. The allegation is that he was placed in a cell "half the size of a telephone booth." That is impossible. It is delusional, and delusional allegations need not be credited on a motion to dismiss, much less a motion for summary judgment. See, e.g., Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992).

Defendants have raised other points challenging the merits of plaintiff's claims, but I see no reason to address them. Plaintiff's claims are almost entirely legally deficient, and to the extent there is no affirmative legal defense, he has failed to offer any facts that would allow a reasonable jury to find in his favor as to any of his false arrest claims. Defendants' motion for summary judgment is granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                         _____
                                                                                                         U.S.D.J.

Dated: Brooklyn, New York
           October 22, 2016